M. A. SEED DRY-PLATE COMPANY v. ALBERT WUNDERLICH.[1]

August 11, 1897.

Nos. 10,422—(41).

Composition with Creditors — Construction and Validity — "Other Creditors."

The defendant was indebted to plaintiff upon three promissory notes secured by a trust deed given to a third party. Subsequently defendant became further indebted to plaintiff in the sum of $767, and, becoming insolvent, they executed a composition agreement as follows:

"$383.80 and interest from Nov. 15, '94. In consideration of the payment in cash to us by Albert Wunderlich within twenty days from this date of the sum of $383.80, being 50 per cent. of his entire indebtedness to us, and in consideration of other creditors accepting a like percentage of their respective claims and demands against him in full settlement and compromise thereof, we hereby agree to accept said percentage of our said claims and demands against him in full settlement and compromise thereof."

It was conclusively shown, without objection, that the indebtedness represented by the three notes was not included in the composition agreement, and that the defendant, soon after its execution, paid a large number of his creditors in full, and that only a bare majority of the creditors ever signed such agreement. Defendant paid 50 per cent. on the $767 indebtedness in full of the payment thereof. *Held*, that the words "other creditors," as used in the composition agreement, meant all other creditors, and that plaintiff could maintain an action for the unpaid indebtedness represented by the three notes.

Appeal by defendant from an order of the district court for Hennepin county, Russell, J., denying his motion for a new trial, after a trial before the court without a jury. Affirmed.

*James D. Shearer*, for appellant.

*Saml. L. Baker*, for respondent.

BUCK, J.

This action was brought to recover upon three promissory notes, each for the sum of $421, two of them dated November 14, 1893, and the other dated June 5, 1894. The notes were payable at different

[1] Reported in 72 N. W. 122.

times, and all drew interest at the rate of 6 per cent. per annum. Upon the first note there had been paid $431.03, leaving due thereon $29.99.  The answer admitted the execution of the notes, but alleged that on June 4, 1894, at the time of giving the last-described note, the, defendant, his wife joining him, at the request of the plaintiff, deeded a lot in the city of Minneapolis to one William Opets for the benefit of plaintiff, and to secure the payment of said note, Opets at the same time executing a defeasance back to the defendant.  The reply admitted the conveyance of this lot.  The pleadings further admitted that defendant was on May 16, 1895, owing plaintiff, in addition to the three notes, a sum of $767.  The defendant becoming insolvent, the parties executed the following described instrument:

"$383.80 and interest from Nov. 15, '94.  In consideration of the payment in cash to us by Albert Wunderlich within twenty days from this date of the sum of $383.80, being 50 per cent. of his entire indebtedness to us, and in consideration of other creditors accepting a like percentage of their respective claims and demands against him in full settlement and compromise thereof, we hereby agree to accept such percentage of our said claims and demands against him in full settlement and compromise thereof.

"M. A. Seed Dry-Plate Co.,
"A. R. Huiskamp, Sec'y.,
"St. Louis, Mo.

"Dated May 16, 1895.

"In presence of ———."

Thereafter defendant paid the plaintiff $383.80, the sum named in said agreement, besides interest, and also paid all other creditors, being a majority thereof, who signed a like agreement, but all other creditors did not sign such agreement.  It was defendant's contention that these notes sued upon herein were embraced in the terms of the composition agreement, and that plaintiff was only entitled to recover 50 per cent. thereof, and he alleges in his answer that within the time mentioned in said agreement he offered to pay plaintiff 50 per cent. of said notes, and further tendered to plaintiff judgment for the sum of $450, with interest in satisfaction of said notes; but upon the trial he formally, in open court, withdrew this offer, and the evidence would not warrant any find-

ing that he ever tendered this amount to the plaintiff as a settlement of these three notes upon a 50 per cent. basis.

The indebtedness of $767, represented by the two notes and upon which there was a settlement and payment of 50 per cent., accrued subsequent to the indebtedness represented by the three notes sued upon in this action, and was in no way connected therewith. At the time of the composition settlement these notes constituted no part of that settlement or composition agreement, and were not especially mentioned, because, as defendant testified, the plaintiff's agent was inclined to accept as payment the lot which had been deeded to Opets, and the agent said he would inform the defendant later on, but, in consequence of the agent's death, there were no further negotiations in regard to the matter, and the notes in suit were never included in the composition agreement, and have never been paid.

These facts were all testified to by the defendant himself without objection. But the defendant, notwithstanding this evidence, insists upon a strict interpretation of the composition agreement, and asserts that plaintiff agreed to compromise and settle defendant's entire indebtedness to it upon his paying to plaintiff 50 per cent. thereof, including these notes in suit, and that defendant in good faith, and relying on plaintiff's agreement, procured his other creditors to sign like agreements, and that defendant paid every one who signed said agreement 50 per cent. of their respective claims.

But this composition agreement is based also upon a further condition, viz.:

"In consideration of other creditors accepting a like percentage of their respective claims and demands against him [defendant] in full settlement and compromise thereof."

"Other creditors," as here used, must be construed as meaning all other creditors. This condition was not fulfilled, and defendant in some respects, according to his own testimony, was a party to its violation. He testified as follows:

"Q. Did all of your creditors of every description sign contracts of this sort? A. No, sir. Q. They didn't? A. No, sir. Q. How many did? A. A majority of them. I couldn't say exactly how many. Q. A great many didn't? A. No, sir; a majority did. Q.

Well, some didn't? A. Some few didn't; yes, sir. Q. And did you pay those that you did pay within that time? A. Yes, sir. Q. This is in May; within ten days; that would be May 26. A. No; that is twenty days, and then the extension was ten days besides. Q. That would be the first week in June? A. No, about the middle. * * * Q. Those that didn't consent to accept fifty cents on the dollar you paid in full, didn't you? A. Some of them, and some I have not. Q. Some you paid in full? A. I will say this— Q. Never mind; there were some that you did pay in full? A. Yes, sir. Q. Do you know how many you paid in full? A. No, sir. Q. A dozen? A. Possibly that many."

Thus, soon after obtaining from plaintiff a composition agreement whereby he settled two notes upon a basis of 50 per cent., he paid at least a dozen of his other creditors their claims in full, in direct violation of the condition of such agreement, and now insists upon a strict performance of its terms so far as it benefits himself. This is his own uncontradicted testimony. Now, there are no creditors here complaining of any acts of plaintiff, or that they were injured or misled by the terms of the composition agreement. It seems as though, if any one was defrauded, it was the plaintiff, in accepting 50 per cent. of its claim against defendant on his plea of insolvency, when a dozen or more of his other creditors were paid their claims in full soon after the date of the composition agreement. And the defendant now seeks, not only to defeat plaintiff's recovery of the amount yet unpaid upon these three notes, but insists that he is not entitled to the 50 per cent. thereof.

There is no merit in the defendant's defense interposed herein, and the order denying his motion for a new trial should be affirmed.

So ordered.